UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ESTATE OF JOHN R. DONOVAN, JR.,
deceased, JOHN J. DONOVAN, SR.,
executor,


        Plaintiff,

        v.                          Civ. No. 04-10594
                                            DPW

UNITED STATES OF AMERICA,


JOINT REPORT OF PARTIES AND PROPOSED SCHEDULING OF DISCOVERY


     Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, an initial meeting of the parties was held by telephone with Attorneys DeFranceschi and Lyons participating.  During the course of that meeting the issues in this case were discussed. The main issue in this case is whether the decedent's ownership interest in a winning Massachusetts lottery ticket that had 19 remaining annual payments left at the date of his death must be valued according to IRS valuation tables or under traditional valuation principles of what a willing buyer would pay a willing seller for the property.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. The initial disclosures required by FED. R. CIV. P. 26(a) will be completed no later than August 31, 2004.

2. Initial interrogatories, requests to produce, and requests for admission, pursuant to FED. R. CIV. P. 33, 34, and 36, shall be served on opposing parties by January 17, 2005.

3. It is unclear to the parties whether the scheduling of depositions is necessary at this time. Upon receiving the responses to the initial interrogatories, requests to produce, and requests for admission, the parties will reconvene as soon as possible thereafter to discuss the issue of depositions and if necessary, will expedite the scheduling of said depositions.

4. If the parties determine that depositions are not necessary, discovery shall be completed by March 1, 2005. If it is determined one or more depositions are necessary, those deposition will be completed by April 1, 2005. Any written interrogatories or requests for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full 30 days (plus any extensions allowed by FED. R. CIV. P. 6) provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

5. All dispositive motions shall be filed by July 17, 2005. It is anticipated that the primary legal issue for the court to decide will be whether the plaintiff must use the IRS

valuation tables to value the decedent's interest in his winning Massachusetts lottery ticket.

     6.   If the court determines that the plaintiff is not required to use the IRS valuation tables, then expert testimony will be needed to value the lottery ticket.  The plaintiff's expert witnesses shall be disclosed, along with a written report prepared and signed by the witnesses pursuant to Fed. R. Civ. P. 26(a)(2), as part of his initial disclosure.  The defendant's expert witnesses shall be disclosed, along with a written report prepared and signed by the witnesses pursuant to Fed. R. Civ. P. 26(a)(2), within four months after the court's decision on the dispositive motions.  Upon receiving the defendant's expert report, the parties will reconvene as soon as possible thereafter to discuss the issue of expert witness depositions and if necessary, will take said depositions within one month after the defendant discloses his expert witnesses.

     7.   There shall be no limitations on the number of interrogatories and the number and length of depositions.

By their Attorneys,

| FOR THE PLAINTIFF, | FOR THE DEFENDANT, |
| --- | --- |
| EDWARD DEFRANCESCHI, P.C. | UNITED STATES |

/s/_____        /s/_____
Edward DeFranceschi-BBO # 118020         Stephen T. Lyons
6 Beacon Street, Suite 515               Department of Justice
Boston, MA 02108-3802                    P.O. Box 55
Telephone:(617) 723-6068                 Ben Franklin Station
                                         Washington, DC 20044
                                         Telephone:(202) 307-6546

Dated: July 28, 2004