EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ESTATE OF JOHN R. DONOVAN, JR., deceased; JOHN J. DONOVAN, SR., executor,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No.
04-10594-DPW

## PLAINTIFF'S RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Plaintiff responds to the first set of interrogatories served on it by United States on August 26, 2004.

1. If you are unable to unconditionally admit UNITED STATES' FIRST REQUEST FOR ADMISSIONS TO THE PLAINTIFF numbered 1 and 2, state the following for each such request:

    a. Every reason why you are unable to unconditionally admit such request;

    b. All facts you rely on to support your denial of such request;

    c. The identity of all documents you rely on to support your denial of such request; and

    d. The names of all persons who have knowledge of the reasons and facts set forth in 1 (a,b) above.

United State's First Requests for Admissions No. 1:

a.  The United State's First Requests for Admissions number one does not ask for plaintiff to admit or deny a fact but asks for the plaintiff to draw a legal conclusion.

b.  The term annuity is not defined in Internal Revenue Code Sections 2039 and 7520(a). Black's Law Dictionary defines annuity as "[a]n obligation to pay a stated sum, usu. (sic) monthly or annually, to a stated recipient." BLACK'S LAW DICTIONARY 88 (7th ed. 1999). Whether the term "annuity" as defined by Black's Law Dictionary has the same or a similar meaning within the context of Internal Revenue Code Sections 2039 and 7520(a) is a question of law.

c.  Internal Revenue Code Section 2039, Internal Revenue Code Section 7520(a), and Black's Law Dictionary.

d.  The plaintiff's attorneys have reviewed Internal Revenue Code Sections 2039 and 7520(a) and have knowledge that the term annuity is not defined by these code sections.

United State's First Requests for Admissions No. 2:

a.  On at least three prior occasions, unassignable Massachusetts lottery winnings have been bought and sold or pledged as a security interest. There are also several companies with internet websites advertising that they will purchase lottery payments for a lump-sum payment. Based on the foregoing, plaintiff could not unconditionally admit that there was no market for the purchase and sale of unassignable Massachusetts lottery winnings.

b.  As reported by the Supreme Judicial Court of Massachusetts and Massachusetts Appellate Court, unassignable Massachusetts lottery winnings have been bought and sold or pledged as a security interest. See Singer Friedlander Corp. v. State Lottery Comm'n, 670 N.E.2d 144 (Mass. 1996); Midland States Life Ins. Co. v. Cardillo, 797 N.E.2d 11 (Mass. App.

      a.      Every fact you rely to support that contention.

      b.      The identity of every document you rely on to support that contention.

No. Plaintiff does not contend that the nineteen annual payments, due the decedent from the state of Massachusetts at the date of his death, do not constitute an annuity within the meaning of Internal Revenue Code Sections 2039 and 7520(a). The term "annuity" is not defined in Internal Revenue Code Sections 2039 and 7520(a). Pursuant to the Black's Law Dictionary definition of annuity, the nineteen annual payments due the decedent from the state of Massachusetts at the date of his death constitute an annuity. Whether the Black's Law Dictionary definition applies in the context of Internal Code Sections 2039 and 7520(a) is not a question of fact but a question of law.

      3.      Identify any and all persons who assisted in the preparation of the responses to these interrogatories as well as the requests for admission and the request for production of documents served upon the defendant contemporaneously herewith.

Attorneys for the plaintiff, Edward DeFranceschi and Jason Bell, assisted in the preparation of the responses to these interrogatories as well as the requests for admission and the request for production of documents.

SIGNED under the pains and penalties of perjury this 16th day of September, 2004.

_____
ESTATE OF JOHN R. DONOVAN, JR., deceased;
JOHN J. DONOVAN, SR., executor,

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S RESPONSES TO UNITED STATES' FIRST SET OF INTERROGATORIES TO THE PLAINTIFF was served on counsel for the defendant by mailing the same on September 20, 2004 in a postage paid wrapper addressed as follows:

> Stephen T. Lyons
> Tax Division
> Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, D.C. 2004

EDWARD DeFRANCESCHI
Edward DeFranceschi, PC
6 Beacon Street, Suite 515
Boston, MA 02108-3802
(617) 723-6068

Dated: September 20, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ESTATE OF JOHN R. DONOVAN, JR., deceased; JOHN J. DONOVAN, SR., executor,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No.
04-10594-DPW

PLAINTIFF'S RESPONSES TO UNITED STATES' FIRST RERQUESTS FOR ADMISSION

Plaintiff responds to the requests for admission served on it by United States on August 26, 2004.

1. The 19 payments due the decedent on the date of his death from the state of Massachusetts constitute an annuity within the meaning of Internal Revenue Code Sections 2039 and 7502(a).

Plaintiff, upon advice of counsel, objects to this request on the basis that the request for admission asks for plaintiff to draw a legal conclusion. The term "annuity" is not defined in Internal Revenue Code Sections 2039 and 7520(a). Black's Law Dictionary defines annuity as "[a]n obligation to pay a stated sum, usu. (sic) monthly or annually, to a stated recipient." BLACK'S LAW DICTIONARY 88 (7th ed. 1999). Whether the term "annuity" as defined by Black's Law Dictionary has the same or a similar meaning within the context of Internal Revenue Code Sections 2039 and 7520(a) is a question of law. Without waiving said objection, plaintiff admits

that there were 19 annual payments due the decedent on the date of his death from the state of Massachusetts.

2.  As of the date of the decedent's death and as of the date his estate tax return was filed, there was no market for the purchase and sale of unassignable Massachusetts lottery winnings.

Denies.  A market existed.  Unassignable Massachusetts lottery winnings have been bought and sold or pledged as a security interest in at least three prior instances in Massachusetts.

I.  Gregory P. Powell and Josephine Powell purchased the winning "Mass Millions" lottery ticket for the October 14, 1988, drawing.  The prize consisted of twenty annual installments each in the amount of $211,478.  In June of 1994, Gregory P. Powell and Josephine Powell sold to the Singer Friedlander Corporation their unassignable rights to the prize payments due to them in October, 1994 and October, 1995.  Gregory P. Powell and Josephine Powell received a lump sum $310,000.  See Singer Friedlander Corp. v. State Lottery Comm'n, 670 N.E.2d 144 (Mass. 1996).

II.  On March 6, 1991, Joseph P. Cardillo won the Massachusetts Megabucks lottery prize of $766,520.  In 1997, Joseph P. Cardillo signed a loan agreement with Sparcons, Inc. for $104,100.  In exchange for the loan, Joseph P. Cardillo pledged to Sparcons, Inc. the majority of his remaining annual lottery payments.  See Midland States Life Ins. Co. v. Cardillo, 797 N.E.2d 11 (Mass. App. Ct. 2003).

III.    In May, 1992, Emmanuel C. Celestin won a Massachusetts Megabucks drawing of $920,320. In 1997, Emmanuel C. Celestin borrowed $100,000 from Feta Corporation. The collateral for the loan was the future lottery payments due Emmanuel C. Celestin. See Midland States Life Ins. Co. v. Cardillo, 797 N.E.2d 11 (Mass. App. Ct. 2003).

Currently, there are several companies on the internet offering to purchase unassignable lottery winnings for a lump sum cash payment. Encore Funding, LLC explains that "there are still a handful of states that do not yet allow winners to sell the prize payments. In those 'closed' states, winners who need cash have no alternative but to borrow at very high interest rates. Contact us . . . and we'll tell you more." AnnuityPurchases.com claims that "[e]ven though most lottery prizes are not assignable without a judicial order, Propsperity Partners has crated (sic) proven legal and financial techniques that give you several lump-sum options, including converting your lottery prize into a tax-free loan." Genex Strategies, Inc. advertises that "[y]ou have the legal right to sell your lottery prize payments. The state lottery agency that pays you your payments will cooperate with us to arrange for this sale." First American Finance Corporation claims that "[i]f you are receiving payments from a Lottery or Casino Prize, and those payments are not meeting your current financial needs, we can help you by converting your future payments into a lump sum if cash. We have the ability to purchase and quickly fund your lottery winnings or casino payments in 50 states."

Plaintiff's attorney, Edward DeFranceschi, signs these responses to requests for admission under the pains and penalties of perjury this 2ᵈ day of September, 2004.

_____
ESTATE OF JOHN R. DONOVAN, JR., deceased;
JOHN J. DONOVAN, SR., executor,
By Its Attorney,
EDWARD DeFRANCESCHI

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S RESPONSES TO UNITED STATES' FIRST RERQUESTS FOR ADMISSION was served on counsel for the defendant by mailing the same on September 20, 2004 in a postage paid wrapper addressed as follows:

> Stephen T. Lyons
> Tax Division
> Department of Justice
> P.O. Box 55
> Ben Franklin Station
> Washington, D.C. 20044

EDWARD DeFRANCESCHI
Edward DeFranceschi, PC
6 Beacon Street, Suite 515
Boston, MA 02108-3802
(617) 723-6068

Dated: September 20, 2004